People v Cole-Turner (2023 NY Slip Op 51258(U))

[*1]

People v Cole-Turner (Mareta)

2023 NY Slip Op 51258(U)

Decided on November 22, 2023

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on November 22, 2023
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Hagler, P.J., Tisch, J.

570733/17

The People of the State of New 
 York, Respondent,
against
Mareta Cole-Turner, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx County (Marc J. Whiten, J. at plea, Steven J. Hornstein, J. at sentencing), rendered February 22, 2017, convicting her, upon her plea of guilty, of assault in the third degree and attempted assault in the third degree, and imposing sentence.

Per Curiam.
Judgment of conviction (Marc J. Whiten, J. at plea, Steven J. Hornstein, J. at sentencing), rendered February 22, 2017, affirmed.
Assuming in defendant's favor that the plea court was under a duty to inform her of the immigration consequences of her guilty plea to two misdemeanors, an issue left open in People v Peque (22 NY3d 168, 197 n 9 [2013], cert denied 574 US 840 [2014]), a Peque hearing is not required in this particular case, inasmuch as it is highly unlikely, given the terms and circumstances of the plea, that defendant could make the requisite showing of prejudice under Peque if granted a hearing. 
In this regard, the detailed and lengthy accusatory instrument established, prima facie, defendant's commission of four felonies and multiple class A misdemeanors, among other offenses. The charges arise out of an incident in which defendant, after refusing to leave a motel room after checkout time, viciously attacked two motel employees with a glass bottle, punched an off-duty detective with a closed fist, threw a fire extinguisher through a glass window and, after being arrested, shoved an officer and spit in his face. Defendant faced, inter alia, a top charge of attempted first-degree assault, a Class C felony that carried a possible 15-year prison sentence; four counts of second-degree assault, Class D felonies that each carried up to a seven-year prison term; and Class A misdemeanors, for which she faced up to 364 days in prison on each if convicted after trial (see Penal Law § 70.15 [1]). By pleading guilty to third-degree assault, defendant received an extremely favorable disposition, a sentence of probation, payment of only $240 restitution; and by pleading guilty to attempted third-degree assault, defendant was sentenced to a conditional discharge. In the circumstances, it is highly unlikely that defendant, if [*2]granted a Peque hearing, could make the requisite showing that it was reasonably probable that she would have forgone the very favorable plea deal and instead insisted on going to trial had she been informed of the deportation consequences (see People v Olmedo, 149 AD3d 588 [2017], lv denied 29 NY3d 1084 [2017]; People v Barry, 149 AD3d 494 [2017], lv denied 29 NY3d 1123 [2017]; People v Pena, 73 Misc 3d 129[A], 2021 NY Slip Op 50934[U][App Term, 1st Dept 2021], lv denied 37 NY3d 1148 [2021]; People v Quezada, 65 Misc 3d 141[A], 2019 NY Slip Op 51710[U] [App Term, 1st Dept 2019], lv denied 35 NY3d 944 [2020]). 
Finally, we note that if defendant's guilty plea in this case actually results in immigration consequences, an issue that is far from clear at this juncture, seven years after sentencing, defendant has a remedy pursuant to CPL 440.10(1)(j), which provides for a motion to vacate the conviction for a class A or unclassified misdemeanor based upon ongoing collateral consequences, including potential or actual immigration consequences.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur
Decision Date: November 22, 2023